NOT FOR PUBLICATION                                    (Document Nos. 15, 18)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| _____ : | |
| BRITE-TANS, LLC, STEVEN J. INC., : | |
| KPLS PARTNERS, INC., and HT 1 : | |
| SELDEN CORPORATION, : | |
| : | |
| Plaintiffs, : | Civil No. 09-4649 (RBK/KMW) |
| : | |
| v. : | **MEMORANDUM OPINION** |
| : | |
| HOLLYWOOD TANNING SYSTEMS, : | |
| INC., RALPH VENUTO, JR., CAROL : | |
| F. VENUTO, as administratrix for the : | |
| Estate of Ralph Venuto, Sr., DAVID N. : | |
| RAHN, and INDIVIDUAL DEFENDANTS : | |
| 1-10, : | |
| : | |
| Defendants. : | |
| _____ : | |

**KUGLER**, United States District Judge:

This matter arises out of alleged fraudulent dealings during the formation and operation

of several tanning salon franchises.  Presently before the Court are two motions: 1) the Motion to

Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) by

Defendants Hollywood Tanning Systems, Inc., Ralph Venuto, Jr. and Carol F. Venuto (Doc. No.

15), and 2) the First Motion to Amend/Correct Complaint by Plaintiffs Brite-Tans, LLC, HT 1

Selden Corporation, KPLS Partners, Inc., and Steven J. Inc. (Doc. No. 18).  For the reasons

expressed below, the First Motion to Amend/Correct is granted and the Motion to Dismiss is

dismissed as moot.

1.    On September 10, 2009, Plaintiffs filed the Complaint in this dispute, which this Court subsequently ordered them to amend to properly allege subject matter jurisdiction.

2.    Plaintiffs then filed the Amended Complaint on September 29, 2009, alleging seemingly seventeen causes of action (the claims are at times mis-numbered or un-numbered).

3.    All Defendants, with the exception of David Rahn who has not appeared in this action, moved to dismiss the Amended Complaint for failure to state a claim.

4.    In lieu of a response to Defendants' Motion, Plaintiffs filed the First Motion to Amend/Correct pursuant to Federal Rule of Civil Procedure 15, attaching the proposed Second Amended Complaint as an exhibit.

5.    While the Amended Complaint contains 125 factual allegations before stating claims, the proposed Second Amended Complaint contains 160, including significant particular allegations of fraud.

6.    Plaintiffs thus insist that the proposed Second Amended Complaint remedies the shortcomings expressed by Defendants in the Amended Complaint.

7.    Defendants filed a reply brief to Plaintiffs' Motion on February 22, 2010, indicating that they would show that leave should not be granted because Plaintiffs' proposed amendment was futile.  See Doc. No. 22 at 2.

8.    However, Defendants did not in fact file a substantive brief in opposition to Plaintiff's Motion, but instead filed a two page brief stating that "Defendants currently take no position as to whether Plaintiffs should be permitted to amend their complaint for a second time under Rule 15[.]"  See Doc. No. 23 at 2.

2

9.    Defendants further stated that they believe, and reserve the right to show, that the Second
      Amended Complaint still fails to state any claims as a matter of law.  See id.

10.   Leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P.
      15(a)(2).  Thus generally a court should grant leave unless equitable considerations render
      it unjust.  Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citing Foman v.
      Davis, 371 U.S. 178, 182 (1962)).  These considerations include undue delay, bad faith,
      dilatory motive, prejudice to the non-movant, and futility.  Winer Family Trust v. Queen,
      503 F.3d 319, 330 (3d Cir. 2007); Arthur, 434 F.3d at 204; In re Burlington Coat Factory
      Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997).  The Third Circuit also has held that a
      failure to attached the proposed amended complaint is fatal to a request for leave to
      amend because the reviewing court cannot determine if amendment is otherwise futile.
      Fletcher-Harless Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir.
      2007).

11.   As is relevant here, a court determines whether an amendment is futile by taking all the
      proposed pleadings as true and viewing them in the light most favorable to the plaintiff.
      Winer Family Trust, 503 F.3d at 330.

12.   The present objections before the Court as to the Amended Complaint are not easily
      overlaid on the proposed Second Amended Complaint.

13.   Much of the present objections are seemingly as to technical pleading failures or
      objections as to a lack of detail.

14.   The proposed Second Amended Complaint adds significant factual allegations that
      seemingly remedy many, if not all, of the alleged shortcomings in the Amended

3

Complaint.

15.     Further, because Defendants have not put forth any new legal argument as to the proposed

Second Amended Complaint, the Court is forced to speculate what challenges Defendants

would make (if any) as to its legal insufficiency.

16.     Therefore, upon review of the proposed Second Amended Complaint, the Court is not

persuaded that it is otherwise futile or that any other equitable considerations weigh

against granting leave to amend.  Thus leave to amend is granted and the Court considers

the attached Second Amended Complaint as the new operative pleading in this dispute.

17.     Further, because entry of the Second Amended Complaint renders null Defendants'

arguments as against the Amended Complaint, Defendants' Motion to Dismiss is

dismissed as moot.

18.     Finally, because Defendants have suggested that perhaps they harbor misgivings about the

Second Amended Complaint, the Court grants them 21 days to either file a new motion

under Rule 12 or to file an answer.

An appropriate Order shall follow.


Date:   7-21-10                                           /s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge

4